Roger MILES, Petitioner,

v.

Walter KELLY, Superintendent, Attica Correctional Facility, Respondent.

No. CIV–87–134E.

United States District Court,
W.D. New York.

Aug. 11, 1988.

R. Nils Olsen, Jr., Buffalo, N.Y., for petitioner.

Louis Haremski, Buffalo, N.Y., for respondent.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The within Petition seeks a writ of habeas corpus to atone for an unconscionable delay in the processing of his appeal from a conviction in a criminal case in a state court. Note is taken of the fact that such delay has become endemic in New York in the area of appeals from such adverse trial results.

According to my practice, the Petition was referred to a Magistrate of this Court pursuant to 28 U.S.C. § 636(b)(1)(B) for all proceedings necessary to a determination of the merits of the factual and legal issues thereby presented and for the preparation and submission of his report and recommendation. Because the petitioner was unrepresented and in the interest of justice, counsel was appointed by the Magistrate. Under date of July 31, 1987 the Magistrate ordered the respondent to show cause August 28th why the requested relief should not be granted if the petitioner's appeal were not "perfected" within 75 days, citing *Wheeler v. Kelly,* 639 F.Supp. 1374 (E.D.N.Y.1986), *aff'd,* 811 F.2d 133 (2d Cir.1987). An affidavit in opposition was filed by an Assistant District Attorney for the County of Erie (N.Y.), the underlying conviction having been obtained in such locale. The affidavit, sworn to September 2nd, was filed September 4th and this week's untimeliness seems not to have disaffected the respondent's position and the threatened writ neither issued nor was recommended. The Magistrate's Order, dated September 9th and filed September 10th, noted that counsel had appeared on the 4th pursuant to the Order to Show Cause, that the petitioner's appointed counsel had requested leave to file an amended petition and that he was allowed a period of 45 days to do so. Such amendment was not forthcoming in the instant proceeding but, pursuant to the Assistant District Attorney's letter of January 20th advising that the

petitioner's appeal had been argued December 10th, the Magistrate issued his Report and Recommendation which was dated and filed March 22nd. It was recommended that the petition be denied as moot. Despite the fact that the accompanying Order accorded the parties a limited period—ten days after service upon them of a copy of the Report and Recommendation—within which to file objections, none such was forthcoming until August 1st when a letter was received from the petitioner's appointed counsel inviting this Court's attention to the recent pronouncement by the United States Court of Appeals for the Second Circuit in *Mathis v. Hood,* 851 F.2d 612 (1988). As is noted in such letter such decision seemingly flies in the face of an earlier decision relied upon by the Magistrate in his Report and Recommendation (and by the appointed counsel in reaching his decision not to object thereto). Such decision is *Wheeler v. Kelly,* 811 F.2d 133 (2d Cir.1987).[1]

Unfortunately and as occurs in the best of appellate families—and without doubt the United States Court of Appeals for the Second Circuit is included in such category—one panel's earlier decision was neither noted nor considered in another panel's resolution of an identical factual and legal presentation.

It well may be that *Mathis v. Hood* has *sub silentio* overruled *Wheeler v. Kelly* and it obviously is true that the appellate court should be the tribunal to say whether such has occurred and what rule presently obtains. This Court is aware of the practice and holding of the appellate court that the decision of one panel of judges—whether unanimous or by its majority—is as binding as if made by the entire court *en banc.* *Board of Ed. of City Sch. Dist. v. Hufstedler,* 641 F.2d 68, 70 (2d Cir.1981).[2] The dilemma arises from similarly binding but diametrically opposite holdings by six separate appellate judges comprising the two panels within an eighteen-month period.

If this Court had proceeded expeditiously and confirmed (after its own consideration) the Magistrate's Report and Recommendation, the petitioner—most probably and in reliance on *Wheeler v. Kelly*—would not have appealed and the dichotomy would have persisted unresolved. If this Court were now to confirm or disaffirm the Magistrate's recommendation, one party could appeal and present the dilemma to the Court of Appeals (which might well decide that there is not any confusion either because *Mathis v. Hood* cannot be followed because *Wheeler v. Kelly* never was altered *en banc* or by the United States Supreme Court or because there must be adherence to *Mathis v. Hood* as the most recent ruling) for enlightenment.

It appears best however to accommodate the suggestion made by the petitioner's counsel that this matter be remanded to the Honorable Edmund F. Maxwell, a Magistrate of this Court, so that he may entertain briefings and argument and, upon consideration, prepare and submit to this Court his further report and recommendation.

It is hereby so ORDERED.

---

1. While the Magistrate's citation is to the lower court's decision, *Wheeler v. Kelly,* 639 F.Supp. 1374 (E.D.N.Y.1986), he noted its affirmance and quoted from the appellate opinion.

2. "A panel of this court is bound by a previous panel's opinion until the decision is overruled en banc or by the Supreme Court." *Board of Ed. of City Sch. Dist. v. Hufstedler, supra,* at 70.